IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF ANN CUNEO, ) | |
| ) | |
| Plaintiff, ) | No. 02 CV 9533 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| S.G. COWEN SECURITIES CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Ann Cuneo was a client of the brokerage firms Cowen & Company and S.G. Cowen Securities Corporation. After Cuneo passed away, her estate maintained a brokerage account with the firms. Frank Gruttadauria was Cuneo's and the estate's broker. Gruttadauria was arrested and sentenced to a seven-year prison term for securities fraud. In December 2002, the Estate of Ann Cuneo filed a ten-count complaint against defendants S.G. Cowen, Cowen & Company, and their parent company, Societe Generale, S.A., for federal securities laws violations and pendent state law claims, arising out of Gruttadauria's conduct. On February 20, 2003, pursuant to a stipulation of the parties, the court entered an order staying the case pending arbitration before the National Association of Securities Dealers, Inc. ("NASD"). The Cuneo Estate moves to vacate the stay and the arbitration award, and for remand to the arbitration panel. The motion to vacate the stay is granted for the limited purpose of ruling on the motion to vacate arbitration award and remand. The Cuneo Estate moved for leave to file a reply memorandum. The motion for leave is granted.

1

## I. The Arbitration Award

The NASD arbitration hearing commenced on October 18, 2004, and continued through November 5, 2004 before a panel of three arbitrators. The panel issued its award on February 11, 2005. The panel awarded the Cuneo Estate $1 in nominal damages, $700,000 in attorney's fees and costs, and reimbursement of the $600 arbitration filing fee. Memo, Ex. A at 6. The panel denied the Cuneo Estate's request for punitive damages. The panel made 12 findings "[a]fter extensive discussions" in support of its award. *Id.* at 5-6. Several of the findings are relevant for purposes of deciding this motion:

1. There is insufficient evidence to support the allegation that Frank Gruttadauria . . . wrongfully took funds or securities belonging to Ann Cuneo or the Estate of Ann Cuneo.

2. At all relevant times, Gruttadauria did cause Ann Cuneo and the Estate . . . to receive funds, which may have been wrongfully taken from clients of Gruttadauria other than Ann Cuneo or the Estate.

3. Some or all of the transfers of funds to Ann Cuneo caused by Gruttadauria may have been the result of fraud or some other wrongful conduct perpetrated by him on other clients, but not on Ann Cuneo or her Estate.

4. None of the above-referenced transfers of funds to Ann Cuneo or her Estate caused Ann Cuneo or her Estate to be financially or otherwise injured.

\*   \*   \*

6. Ann Cuneo directed Gruttadauria to execute trades on her behalf.

7. Gruttadauria did not execute trades that Ann Cuneo had directed him to execute on her behalf.

8. Gruttadauria fraudulently concealed the fact that he was not executing the trades she had directed him to execute. . . .

\*   \*   \*

2

12. The Panel found cause to award punitive damages against the Respondents, but consistent with the Panel's ruling in its Order dated October 8, 2004, the Panel found it does not have the authority to award such damages under Illinois tort law, since punitive damages do not survive the death of the injured.

*Id.*

## II. The Motion to Vacate

The Cuneo Estate moves to vacate the arbitration award on the grounds that the arbitrators overlooked an undisputed fact, and that mistake of fact materially affected the panel's final award. More specifically, the estate attacks the arbitrators' finding that there was insufficient evidence to support the allegation that Gruttadauria wrongfully took estate funds or securities. The Cuneo Estate argues it was undisputed that Gruttadauria improperly transferred funds out of the estate's brokerage account without authorization. In support of this argument, the estate submits four exhibits under seal that were part of the arbitration record. Memo Ex. J, K, L, M. The estate argues the arbitrators failed to consider awarding punitive damages *to the estate* because they "mistakenly overlooked that it was undisputed that, after her death, unauthorized transfers were made from *the Estate's* account." Memo at 8. In response, defendants argue the estate has not identified a proper basis to vacate the arbitration award under the Federal Arbitration Act, 9 U.S.C. § 10(a) ("FAA").

## DISCUSSION

Generally, a court will set aside an arbitration award only in unusual circumstances. *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 691-92 (7th Cir. 2004). "Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes. Arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Nat'l Wrecking Co. v. Int'l Brotherhood of Teamsters*, 990 F.2d 957, 960 (7th Cir.

1993); *see also Int'l Union of Operating Engineers v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th Cir. 2004). The Federal Arbitration Act lists the limited grounds for vacating an arbitration award. 9 U.S.C. § 10(a); *Lee v. McDonald Securities, Inc.*, 2004 U.S. Dist. LEXIS 19293, at * 5 (N.D. Ill. Sept. 27, 2004). An arbitration award may be vacated where: (1) it was procured through corruption, fraud, or undue means; (2) the arbitrators were evidently partial or corrupt; (3) the arbitrators were guilty of misconduct in refusing to postpone the arbitration hearing or in refusing to hear pertinent and material evidence; or (4) the arbitrators exceeded their powers. *Id.* Errors in the arbitrator's findings of fact or an insufficiency of evidence supporting the arbitrator's decision do not justify vacating an arbitration award. *Eljer Manuf. v. Kowen Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994); *Nat'l Wrecking*, 990 F.2d at 960. Factual errors by arbitrators – even clear or gross errors – do not provide a basis for vacating an arbitration award. *Hasbro*, 367 F.3d at 692; *Gingiss Int'l v. Bormet*, 58 F.3d 328, 333 (7th Cir. 1995); *Nat'l Wrecking*, 990 F.2d at 961.

### I. Motion to Vacate

The Cuneo Estate's motion does not identify a statutory basis for vacating the arbitration award. The estate does not contend the arbitration award was procured through corruption, fraud or undue means, or that the arbitrators were corrupt or partial, guilty of misconduct, or that they exceeded their powers. Accordingly, none of the statutory grounds exist to vacate the arbitration award. The estate contends the court can vacate the arbitration award because the arbitrators overlooked undisputed evidence regarding the unauthorized transfer of funds out of the estate's brokerage account. The estate argues it would be "denied a 'fundamentally fair hearing'" if the case is not remanded to the arbitrators to allow them to consider the undisputed evidence they overlooked. Reply at 4. This argument must be rejected. The estate does not contend the arbitrators refused to

4

hear this evidence during the arbitration. Indeed, the estate concedes the evidence was admitted as part of defendants' arbitration exhibits. Memo at 8. Despite this evidence, the arbitrators concluded there was "*insufficient* evidence to support the allegation that . . . Gruttadauria . . . wrongfully took funds or securities belonging to . . . Cuneo or the Estate. . . ." Memo Ex. A at 5 (emphasis added). The court lacks authority to vacate the arbitration award based on the estate's claim that there was sufficient evidence to establish unauthorized transfers out of the estate's account. *See Eljer Manuf.*, 14 F.3d at 1254.

The Cuneo Estate argues it is not requesting the court to review the sufficiency of the evidence, but rather, is requesting the court to "remand so that the Arbitrators may consider evidence that was *undisputed and not subject to interpretation*, which the Arbitrators overlooked." Reply at 4. The defendants contend the evidence is not "undisputed" as the estate asserts. Response at 9. The exhibits filed under seal consist of account statements reflecting transfers made out of the estate's brokerage account. Memo Ex. J, K, L, M. Nothing on the face of the exhibits reflects the transfers were unauthorized. The estate argues Exhibits J, K, L and M irrefutably establish that the transfers were unauthorized because the parties stipulated to a list of "withdrawals of funds received by the Estate of Ann Cuneo, or transfers of funds to third parties for the benefit of the Estate of Ann Cuneo" and the transfers reflected on Exhibits J, K, L and M are not on that list. Response Ex. 2 at 2. The estate's argument is based on two inferences – that any transfer not on the list of authorized transfers was both: (1) unauthorized; and (2) made by Gruttadauria. While these inferences may be reasonable, the arbitrators were not compelled to draw these inferences from the exhibits and stipulation.

5

In support of its argument, the estate relies on *Mollison-Turner v. Lynch Auto Group*, 2002 U.S. Dist. LEXIS 9491, at *2-3 (N.D. Ill. May 23, 2002), where an arbitration award was vacated because the "arbitrator's award makes clear that he was operating under a significant mistaken assumption not about the facts of the case, but about the evidence Mollison-Turner offered. Although Mollison-Turner submitted sworn affidavits . . . , the arbitrator stated that Mollison-Turner provided no such evidence." *Id.* at *9. The court recognized arbitration awards should not be vacated based on factual errors, but distinguished the case because the arbitrator's award was based on an erroneous "non-fact" – the erroneous belief that plaintiff had not submitted any evidence on an issue. *Id.* at *10.

*Mollison-Turner* does not provide a basis to vacate the arbitration award here. Unlike *Mollison-Turner*, the arbitrators concluded there was insufficient evidence of unauthorized transfers. They did not conclude there was no evidence. Moreover, contrary to the estate's suggestion, the arbitrators did not conclude that "no funds belonging to the Estate were misappropriated after Mrs. Cuneo's death." Reply at 2. Instead, they determined there was insufficient evidence to establish Gruttadauria wrongfully took funds or securities belonging to Cuneo or her estate. Memo Ex. A at 5. The court cannot review the merits of the arbitrators' finding that there was insufficient evidence. *See Eljer Manuf.*, 14 F.3d at 1254 (7th Cir. 1994).

Nor do the other cases cited by the estate provide a basis for vacating the arbitration award. The cited cases are from other circuits and are not binding on this court. Moreover, they are distinguishable on their facts. For instance, in *Nat'l Post Office Mailhandlers v. United States Postal Service*, 751 F.2d 834, 838 (6th Cir. 1985), the arbitrator erred regarding the date of an employee's guilty plea. The arbitrator sustained plaintiff's discharge and refused to award back-pay on the

ground that plaintiff would have been terminated for cause because of his guilty plea. *Id.* In actuality, plaintiff did not plead guilty until four weeks after his discharge. *Id.* The Sixth Circuit held:

> where the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award, it can fairly be said that the arbitrator 'exceeded [his] powers, or so imperfectly executed them' that vacation may be proper. *Id.* at 843.

Rather than vacate the arbitration award, the Sixth Circuit modified the award to give plaintiff back-pay for the four weeks prior to his guilty plea. *Id.* at 844.

Unlike *Nat'l Post Office Mailhandlers*, there is no indication the arbitration record contained an unambiguous and undisputed mistake of fact. The four exhibits filed under seal were admittedly part of the arbitration record. The exhibits consist of account statements and do not contain any unambiguous mistaken facts, such as an incorrect plea date. Moreover, the account statements do not contain information that is expressly at odds with the arbitration award. The arbitrators considered "the pleadings, the testimony and evidence presented at the hearing" and engaged in "extensive discussions" before making their factual findings and final award. Memo, Ex. A at 5-6. They concluded there was insufficient evidence to support the allegation that Gruttadauria wrongfully took funds or securities belonging to Cuneo or her estate. The court is not authorized to review the merits of this factual finding. *Int'l Union*, 393 F.3d at 745. Accordingly, the motion to vacate the arbitration award must be denied.

## II. Motion for Remand

The Cuneo Estate moves for remand to the arbitration panel for re-assessment of punitive damages. The estate argues that because the arbitrators mistakenly concluded there was insufficient

evidence that Gruttadauria improperly transferred funds out of the *estate's* account, they did not consider awarding punitive damages to the *estate*. According to the estate, the arbitrators "would have reached a different conclusion and would have awarded punitive damages to the Estate" because they already found that punitive damages would have been justified if Gruttadauria improperly transferred funds. Reply at 2. The estate's arguments must be rejected. As set forth above, the court lacks authority to review the arbitrators' factual finding with respect to the sufficiency of the evidence. Moreover, the arbitrators' finding that there was "cause to award punitive damages" likely related to their findings that Gruttadauria did not execute trades that Cuneo directed him to execute and fraudulently concealed the fact that he was not executing the trades. Memo Ex. A at 5-6. Because there is no basis to vacate the arbitration award, the motion for remand must also be denied.

## CONCLUSION

The Cuneo Estate has failed to provide a proper basis for vacating the February 11, 2005 NASD arbitration award. Accordingly, the motion to vacate the arbitration award in part and for remand must be denied.

May 27, 2005                                          ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge